In the Matter of the Probate of the Will of JEAN TOWNSEND, Deceased. PHILIP L. ZENNER et al., Appellants; OTTO TOWNSEND et al., Respondents.— Decree, insofar as appealed from, and order affirmed, with costs. All concur, except Wheeler, J., who dissents and votes for reversal and for granting a new trial in the following memorandum: A careful consideration of this amazing record leads me to the conclusion that the verdict of the jury was in no small part based on suspicion, prejudice and conjecture. The finding, if made, that the signature on Exhibit 1 was not the genuine signature of Jean Townsend is, in my opinion, against the weight of the evidence. This issue is not merely a conflict between expert and lay opinion. Here, although it may be conceded, in view of the attempted impeachment of Mr. Zenner, that the jury was warranted in discarding his testimony, there still remains the testimony of the two subscribing witnesses, neither of whom, so far as disclosed, has any stake whatsoever in this litigation. The second finding, if made, that her signature was genuine but procured in some unrevealed manner by trick of artifice is not supported by any evidence other than the suspicion arising out of her alleged dislike of her attorney, Mr. Zenner. Neither surmise, conjecture nor doubt can take the place of proof. It is a natural will and contains substantially the same provisions as the testatrix had theretofore discussed with her attorney, Mr. Chapman. The charge itself was terse to the point of abruptness and left the jury to form its own definition of " duly executed." I cannot believe that a woman of Mrs. Townsend's business experience and sagacity could be tricked in the manner suggested by the contestants. A testamentary document executed, as in this instance, by a person of vigorous and unimpeached mentality and supported by credible *pro forma* proof, in accordance with all the statutory safeguards, should not be destroyed on such flimsy evidence as disclosed by this record. (Appeals by proponent and two legatees from part of a decree denying probate to a will; the order denied leave to reargue motion for a directed verdict; denied motion to set aside the verdict and for admission of the will to probate; and denied motion for a new trial.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Wheeler, JJ. [See *post,* p. 910.]

In the Matter of RICHARD LEHRER, Doing Business as ALMOND GRILL, Petitioner, against JOHN F. O'CONNELL et al., Constituting the State Liquor Authority, Respondents.— Determination confirmed, without costs. All concur. (Review of a determination of the State Liquor Authority revoking petitioner's restaurant liquor license.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Piper, JJ. [See *post,* p. 910.]

In the Matter of the APPOINTMENT OF A TRUSTEE of the SUPREME COURT LIBRARY IN THE EIGHTH JUDICIAL DISTRICT.— HON. HAMILTON WARD, of Buffalo, N. Y., is appointed a trustee to fill the vacancy caused by the death of HON. PARTON SWIFT. Present — Taylor, P. J., McCurn, Vaughan, Kimball, Piper and Wheeler, JJ.

In the Matter of the APPLICATION FOR APPROVAL OF THE INCORPORATION OF LEGAL AID ASSOCIATES, INC.— Articles of incorporation approved. Present — Taylor, P. J., McCurn, Vaughan, Kimball and Piper, JJ.